CONTINENTAL SECURITIES CO. v. INTERBOROUGH RAPID
TRANSIT CO. et al.

(Circuit Court, S. D. New York. October 28, 1910.)

COURTS (§ 348*)—RULES OF EVIDENCE IN FEDERAL COURTS.

Under the rule of Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, the
parties to a suit in equity in a federal court are entitled to great latitude
in the examination of witnesses, to the end that the court of last resort
may have a complete record on which it may finally dispose of the cause,
and objections for irrelevancy and immateriality are not to be considered.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 348.*]

In Equity. Suit by the Continental Securities Company against the
Interborough Rapid Transit Company and others. On motion to re-
quire witness to answer questions and produce books and papers. Mo-
tion granted.

See, also, 165 Fed. 945.

Stephen M. Yeaman, for complainant.

Winthrop & Stimson, Nicoll, Anable, Lindsay & Fuller, R. R. Rog-
ers, Rollins & Rollins, and Cravath, Henderson & De Gersdorff, for
defendants.

WARD, Circuit Judge. In these two actions I understand the com-
plainant to be asserting its individual rights as a stockholder of the
Interborough Rapid Transit Company. The defendants allege that it
is not a bona fide stockholder. If it appear at any time in the course
of the cause that the stock was transferred to the complainant collu-
sively, for the purpose of giving jurisdiction to this court, it will be
the duty of the court to dismiss the bill. Act March 5, 1875, c. 137,
§ 5, 18 Stat. 472 (U. S. Comp. St. 1901, p. 511).

The defendants are entitled to great latitude in examination upon
this point, under the case of Blease v. Garlington, 92 U. S. 1, 23 L. Ed.
521. The rationale of that decision is to prevent new trials in equity
causes, and to that end to give the court of last resort a complete rec-
ord, upon which it can finally dispose of the cause. For this reason,
the objections for irrelevancy and immateriality are not to be consid-
ered. The only limitation upon the extent of the examination is ap-
parently that it should be confined to the issues and shall not violate
the personal privileges of the witness. Consistently with these views,
the witness must answer questions 25, 56, 57, 58, 59, 60, 69, 73, 74,
and 75, and must produce the books and papers mentioned in the no-
tice of motion.

To this extent the motion is granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes